UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DENNIS D. JACKSON,

    Defendant.

Case No. 17-cr-40052-JPG

## **MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Dennis D. Jackson's motion for grand jury transcripts (Doc. 55). Jackson seeks production of grand jury transcripts forthwith. The Government has responded (Doc. 57), stating that it will produce the requested transcripts seven days before trial but not right away. This motion, therefore, is about timing.

Government witness statements are covered by the Jencks Act, 18 U.S.C. § 3500. The Jencks Act requires that the government, upon a defendant's timely request, provide the defendant with prior statements of government witnesses *after* the witnesses have testified at trial. Specifically, 18 U.S.C. § 3500 provides:

> (a) In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.
>
> (b) After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement . . . of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified. If the entire contents of any such statement relate to the subject matter of the testimony of the witness, the court shall order it to be delivered directly to the defendant for his examination and use.

District courts have no authority to order pretrial disclosure of material embraced by the Jencks Act. *See United States v. Harris*, 542 F.2d 1283, 1291 (7th Cir. 1976). The only exception

could be information subject to disclosure under *Brady v. Maryland*, 373 U.S. 83 (1963), or *Giglio v. United States*, 405 U.S. 150 (1972).

Under *Brady, Giglio*, and their progeny, the prosecution has the duty to ensure that criminal trials are fair by disclosing evidence that is favorable to the defense or that impeaches a government witness. *Brady* and *Giglio* material must be disclosed "in time for the defendant to make use of it" and not "so late as to prevent the defendant from receiving a fair trial." *United States v. Grintjes*, 237 F.3d 876, 880 (7th Cir. 2001) (internal quotations omitted). It does not necessarily need to be disclosed before trial. The Government has acknowledged its continuing obligations under *Brady*, *Giglio* and their progeny. It has been repeatedly held that where the government has made assurances it will comply with *Giglio* and *Brady*, those assurances are sufficient. *See Strickler v. Greene*, 527 U.S. 263, 283 n. 23 (1999).

Here, the Court lacks authority under the Jencks Act to order production of grand jury transcripts before trial. Furthermore, the Court believes seven days' advance notice of grand jury testimony gives Jackson sufficient time to make use of those statements at trial should they contain any *Brady* or *Giglio* material. It will not prevent him from having a fair trial. If the defendant believes otherwise after receiving the materials, he may raise the issue again at that time.

For these reasons, the Court **GRANTS in part** and **DENIES in part** Jackson's motion (Doc. 55). The Government must disclose the statements under the Jencks Act, but its voluntary disclosure seven days before trial is sufficient.

**IT IS SO ORDERED.**
**DATED: April 4, 2018**

                                             s/ J. Phil Gilbert
                                             **J. PHIL GILBERT**
                                             **DISTRICT JUDGE**