UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 17-cr-40052-JPG |
| DENNIS D. JACKSON, | |
| Defendant. | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the Government's motion *in limine* to admit audio and video recordings of three controlled buys allegedly involving defendant Dennis D. Jackson (Doc. 89). The Government seeks advance notice that the Court will not exclude the recordings under *Crawford v. Washington*, 541 U.S. 36 (2004), on Confrontation Clause grounds. It is concerned because the confidential source ("CS"), whose voice is heard on the recordings, has absconded from custody, will not testify for the Government, and will not be available to be cross-examined by the defendant. Jackson has responded to the motion (Doc. 90), and the Government has replied to that response (Doc. 91).

A.   Confrontation Clause

Consistent with the Seventh Circuit Court of Appeals' decision in *United States v. Gaytan*, 649 F.3d 573 (7th Cir. 2011), the Court will not exclude the recordings on the grounds that introduction of the CS's statements on the recordings violates the Confrontation Clause. The Sixth Amendment guarantees a defendant "the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. "Admitting a witness's out-of-court testimonial statements when that witness is available to testify violates the accused's Sixth Amendment right of confrontation, but not when those statements are offered for a purpose 'other than establishing

the truth of the matter asserted.'" *Id.* at 579 (quoting *Crawford,* 541 U.S. at 59 n.9).

*Gaytan* held that, although a non-testifying CS's recorded statements in a controlled buy are testimonial because they were made with an eye toward a criminal prosecution, introducing them into evidence does not violate the Confrontation Clause where they are not offered for their truth. *Gaytan*, 649 F.3d at 579. In *Gaytan*, the Government used them instead "to put the defendant's statements in context or to make what he said and did in reaction to the informant's statements intelligible to the jury," *id.*, and the Court instructed the jury several times not to consider the CS's statements for their truth, *id.* at 580. Consequently, the Court of Appeals found no Confrontation Clause problem. *Id.* That is exactly how the Government represents it will be using the recordings in this case, so that use will not run afoul of the Confrontation Clause.[1]

B. Fourth Amendment

In his response, Jackson also asserts that without the CS's testimony confirming that he consented to recording the controlled buys, the Government cannot show it complied with 18 U.S.C. § 2511(2)(c) (2017) ("It shall not be unlawful under this chapter for a person acting under color of law to intercept a wire, oral, or electronic communication, where such person is a party to the communication or one of the parties to the communication has given prior consent to such interception."). Consequently, Jackson argues, the recordings are subject to suppression under the Fourth Amendment as the product of an unreasonable search.

In reply, the Government points to testimony and documentary evidence to establish the CS's consent. With this evidence, the Government has made a sufficient *prima facie* showing that the CS consented to recording, subject to proving it at trial in an offer of proof out of the jury's

---

[1] There are limitations to this general rule, however, where the CS essentially "puts words into [a defendant's] mouth." *Gaytan*, 649 F.3d at 579 (bracketed material in original). The Court does not have the transcripts of the recordings in this case, but Jackson has made no suggestion that that occurred in this case.

2

presence. If such a showing is made on the record, there will be no Fourth Amendment violation, as explained in the Court's order denying Jackson's motion to suppress (Doc. 84).

C. Fifth Amendment

Jackson suggests the Government's use of the recordings at trial violates his Fifth Amendment right against self-incrimination. However, he has not suggested how, in the circumstances presented, he has been compelled to incriminate himself in violation of the Fifth Amendment.

D. Chain of Custody

Jackson further argues that without the CS's testimony, the Government cannot prove the chain of custody of the drugs allegedly purchased from him in the controlled buys. However, a gap in the chain of custody goes to the weight of the evidence, not its admissibility, so long as the Government shows at trial, by direct or circumstantial evidence, that the drugs are in substantially the same condition as they were when the alleged crime was committed. *United States v. Vitrano*, 747 F.3d 922, 925, (7th Cir. 2014). The Government has pointed to adequate evidence to establish a *prima facie* case of a sufficient chain of custody, subject, of course, to proving it up at trial.

Jackson has not raised any other objections to admission of the recordings, so the Court finds that he has waived them to the extent that he could have raised them at this time. Should some new grounds for exclusion arise that was unavailable at this point in time, the Court will consider objection on those grounds at that time.

For the foregoing reasons, the Court **GRANTS** the Government's motion *in limine* (Doc. 89). Assuming the Government lays a proper foundation, does not use the CS's statements for

3

their truth, and satisfies all other evidentiary requirements, the Court will not exclude the recordings on Confrontation Clause grounds or any of the other ground discussed above. Further, it will give appropriate limiting instructions to the jury when the recordings are played and at any other reasonable time requested by a party. The parties are instructed to confer on an appropriate limiting instruction and submit it to the Court electronically (by email to JPGpd@ilsd.uscourts.gov) before the trial begins.

**IT IS SO ORDERED.**
**DATED:   June 29, 2018**

                                        **s/ *J. Phil Gilbert***
                                        **J. PHIL GILBERT**
                                        **DISTRICT JUDGE**