UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

   Plaintiff,

   v.

DENNIS D. JACKSON,

   Defendant.

Case No. 17-cr-40052-JPG

# **MEMORANDUM AND ORDER**

This matter comes before the Court on the Government's motion to dismiss Counts 5 and 6 of the Third Superseding Indictment without prejudice (Doc. 113). In the trial of this matter, the jury found defendant Dennis D. Jackson guilty on Counts 1 through 4 but failed to reach a verdict on Counts 5 and 6. The Government believes that convictions on Counts 5 and 6 would not increase the sentence to which Jackson would be subject by virtue of his convictions on Counts 1 through 4, and it does not want to use its or the Court's limited resources to pursue at this time charges that, as a practical matter, would have no impact on Jackson's ultimate sentence. Jackson has not responded to the motion.

Dismissal of all or parts of an indictment at the Government's request is governed by Federal Rule of Criminal Procedure 48(a), which states in pertinent part, "The government may, with leave of court, dismiss an indictment. . . ." *See In re United States*, 345 F.3d 450, 452 (7th Cir. 2003). Rule 48(a) does not explain the criteria for when the Court should grant or deny leave. However, it is well-established that the Court's discretion in deciding to deny leave is very limited. *United States v. Martin*, 287 F.3d 609, 623 (7th Cir. 2002); *In re Richards*, 213 F.3d 773, 786 (3d Cir. 2000); *United States v. Palomares*, 119 F.3d 556, 558 (7th Cir. 1997). That is because the Constitution commits the authority to commence and pursue prosecutions to

the Executive Branch, not the Judicial Branch, of the federal government. Const. Art. II, cl. 3 ("[The President] shall take Care that the Laws be faithfully executed. . . ."). "Few subjects are less adapted to judicial review than the exercise by the Executive of his discretion in deciding when and whether to institute criminal proceedings, or what precise charge shall be made, or whether to dismiss a proceeding once brought." *Newman v. United States*, 382 F.2d 479, 480 (D.C. Cir. 1967), *cited in In re Richards*, 213 F.3d at 786. This discretion means that the Executive Branch "can choose not to prosecute one case, yet prosecute vigorously another involving the same issues." *Martin*, 287 F.3d at 623; *see, e.g., United States v. Cowan*, 524 F.2d 504 (5th Cir. 1975). Where the Court disagrees with a decision to prosecute or to dismiss a charge, it is generally left without any remedy. *In re United States*, 345 F.3d at 453-54.

Although Rule 48(a) is vague, there is one situation in which it is clearly appropriate to deny leave to dismiss without prejudice: where the Government's motive is to harass the defendant. In fact, the principal purpose of requiring the Government to obtain leave of Court before dismissing a charge is "to protect a defendant from the government's harassing him by repeatedly filing charges and then dismissing them before they are adjudicated." *Id.* at 452-53 (citing *Rinaldi v. United States*, 434 U.S. 22, 29 n. 15 (1977) (*per curiam*)); *In re Richards*, 213 F.3d at 786; *Palomares*, 119 F.3d at 558. If the court believes the Government is harassing the defendant, it could condition dismissal on its being with prejudice. *In re United States*, 345 F.3d at 453.

Some courts have suggested that the leave of Court requirement was also intended to protect the public interest and the integrity of the courts or to check any bad faith (other than the aforementioned harassment) on the part of the Government. *See In re Richards*, 213 F.3d at 786-87 (collecting cases); *see also Rinaldi*, 434 U.S. at 29 n. 15 ("[T]he Rule has also been held

2

to permit the court to deny a Government dismissal motion to which the defendant has consented if the motion is prompted by considerations clearly contrary to the public interest."). Those courts hold that the Court may deny leave to dismiss charges where, for example, "the prosecutor appears motivated by bribery, animus towards the victim, or a desire to attend a social event rather than trial." *Richards*, 213 F.3d at 787, *quoted in In re United States*, 345 F.3d at 453.

The Seventh Circuit Court of Appeals has agreed to some extent with those courts. It held in *Palomares*, 119 F.3d at 558, and *Martin*, 287 F.3d at 623, that the Court should exercise its discretion to assure the fair administration of justice and that a key factor in determining what is fair is the Government's good faith. However, acknowledging *Martin* and *Palomares*, the Seventh Circuit Court of Appeals criticized the use of good faith and the public interest as sufficient reasons to deny leave to dismiss, noting that, with some exceptions that do not appear in this case, prosecution decisions are vested in the Executive Branch regardless of whether those decisions are in the public interest or made in good faith. *In re United States*, 345 F.3d at 453.

While Rule 48(a) by its terms does not require the Government to set forth its reasons for seeking dismissal, some courts require, or at least recommend, some sort of explanation beyond a mere conclusory statement. *See Palomares*, 119 F.3d at 558; *United States v. Dyal*, 868 F.2d 424, 428 (11th Cir. 1989); *United States v. Derr*, 726 F.2d 617, 619 (10th Cir. 1984); *United States v. Salinas*, 701 F.2d 41, 41 (5th Cir. 1983). Furthermore, when a Court evaluates the Government's proffered reasons, the Government is entitled to a presumption that it acted regularly and fairly in prosecuting a case. *See United States v. Armstrong*, 517 U.S. 456, 464 (1996).

The Government has offered legitimate reasons for seeking dismissal of Counts 5 and 6 without prejudice. There is no suggestion that any factors exist which would even give the

3

Court pause about approving this Executive Branch judgment. For these reasons, the Court:

- **GRANTS** the Government's motion to dismiss Counts 5 and 6 of the Third Superseding Indictment (Doc. 113);

- **DISMISSES without prejudice** Counts 5 and 6 of the Third Superseding Indictment;

- **VACATES** the Final Pretrial Conference setting (October 24, 2018) and the Trial setting (October 29, 2018); and

- **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**
**DATED:   October 5, 2018**

        s/ J. Phil Gilbert
        **J. PHIL GILBERT**
        **DISTRICT JUDGE**